## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

IN RE:

SOLID ROCK CHRISTIAN CENTER, INC.      Case No. 10-20948-GWE
Chapter 11

    Debtor.

EVANGELICAL CHRISTIAN CREDIT UNION

    Movant,

v.

SOLID ROCK CHRISTIAN CENTER, INC.

    Respondent.

## MOTION TO TERMINATE AUTOMATIC STAY AND ABANDONMENT OF PROPERTY OF THE ESTATE, OR, IN THE ALTERNATIVE, REQUEST FOR ADEQUATE PROTECTION

Evangelical Christian Credit Union, (hereinafter "ECCU"), by and through counsel, pursuant to 11 U.S.C. § 362(d), 11 U.S.C. §361, FED. R. BANKR. P. 4001 and 9014, and moves this Court to terminate the automatic stay and for abandonment of property of the estate in this case, or, in the alternative, ECCU requests that the Court require Solid Rock Christian Center, Inc. (the "Debtor") to provide adequate protection of its interest pursuant to 11 U.S.C. § 361.  In support of this Motion, ECCU states as follows:

## JURISDICTION

1.      This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157 and 1334.  The instant matter is a core proceeding pursuant to 28 U.S.C § 157(b)(2)(G). Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## BACKGROUND FACTS

2.      On or about January 28, 2010, (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.  The voluntary petition filed under chapter 11 of the Bankruptcy Code created an automatic stay prohibiting ECCU from acting, commencing, or continuing any civil action, to collect all or any part of the debt from the Debtor pursuant to 11 U.S.C. § 362.

3.      As of the date of the filing of this Motion, the Debtor is in possession of the property, and pursuant to 11 U.S.C. §§ 1107 and 1108, Debtor remains in control of the operation of his business as no Trustee has been appointed in this case.

4.      ECCU is a creditor in this case as more particularly described herein.

5.      On or about February 21, 2008, the "Debtor executed a promissory note in the original principal amount of $2,900,00.00 (the "Note"). A copy of the Note is attached hereto and incorporated herein as Exhibit A.

6.      On or about February 21, 2008, the Debtor executed that certain Construction Loan Agreement in the original principal amount of $2,900,000.00 (the "Agreement"). A copy of the Agreement is attached hereto and incorporated herein as Exhibit B.

7.      The Debtor incurred the indebtedness evidenced in the Note and Agreement for the purposes of purchasing and constructing improvements on the Real property located at 4100 & 4200 Ross Road, Memphis, Shelby County, Tennessee (the "Subject Property").

8.      Said Note is secured by a Deed of Trust (the "Deed of Trust") on the Subject Property that was duly recorded on March 7, 2008, of record in the Register's Office of Shelby County, Tennessee, as Instrument No. 08031780 and re-recorded on March 24, 2008 at Instrument No. 08038572. A copy of the Deed of Trust is attached hereto and incorporated herein by reference as Exhibit C.

9.      The Debtor executed an Assignment of Rents (the "Assignment of Rents") in favor of ECCU on the Subject Property that was duly recorded on March 7, 2008 of record in the Register's Office of Shelby County, Tennessee, as Instrument No. 08031781 and re-recorded on March 24, 2008 at Instrument No. 08038573. A copy of the Assignment of Rents is attached hereto and incorporated herein by reference as Exhibit D.

10.      Prior to the Petition Date, the Debtor was in default for failing to make payments as agreed pursuant to the Note.

11.      As of the Petition Date, ECCU is owed an aggregate amount of $3,013,411.52 consisting of a principal balance in the amount of $2,888,627.39, accrued interest in the amount of $116,443.45, and expenses, fees, costs, and other amounts due and owing under the Note.

12.      The Debtor has failed to make payments to ECCU since August 12th, 2009, and ECCU's interest in the Real Property is not adequately protected.


**RELIEF REQUESTED**

13.      Above premises considered, ECCU moves for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) & (2).

14.     Section 362(d) of the Code is written in the disjunctive and a ruling under either subsection (*i.e.*, 11 U.S.C. § 362(d)(1) or (d)(2)) is all that is necessary for relief. Pursuant to section 362(d)(1), ECCU is entitled to relief from the stay.

15.     Under 11 U.S.C. § 362(d)(1) stay relief may be granted for "cause." While cause under § 362(d)(1) includes "the lack of adequate protection of an interest in property," it is not so limited. Because "cause" is not further defined in the Bankruptcy Code, relief from stay for cause is a discretionary determination made on a case by case basis. *In re* Laguna Associates Ltd. Partnership, 30 F.3d 734, 737 (6th Cir.1994); *In re* Zick, 931 F.2d 1124, 1129 (6th Cir.1991)(stating that "Cause" for relief from the automatic stay is not defined under the Bankruptcy Code).

16.     "Cause" is an intentionally broad and flexible concept which must be determined on a case-by-case basis. *In re* Holly's, Inc., 140 B.R. 643, 687 (Bankr.W.D.Mich.1992).

17.     ECCU asserts that "cause" exists to terminate that automatic stay pursuant to section 362(d)(1) as ECCU's interest in the Subject Property is not adequately protected.

18.     ECCU asserts that "cause" exists to terminate that automatic stay pursuant to section 362(d)(1) based on the following: (1) the Debtor has not provided adequate protection of ECCU's interest in the Subject Property securing its claim; and (2) the Debtor has failed to make any payments on the above referenced loan in more than eight months. *See, e.g. In re* Elmira Litho, Inc., 174 B.R. 892, 900 (Bankr. S.D.N.Y. 1994) (citing *In re* Hinchliffe, 164 B.R. at 49 (failure to make any post-petition payments constitutes "cause"); *In re* Ocasio, 97 B.R. 825, 826 (Bankr. E.D. Pa. 1989)(same); *In re* Winslow Center

Associates, 32 B.R. 685, 687 (Bankr.E.D.Pa.1983) (failure to make monthly mortgage and tax payments)).

19.     Accordingly, ECCU is entitled to relief from the automatic stay under 11 U.S.C. §362(d)(1), or, in the alternative, adequate protection of its interest in the Subject Property.

20.     ECCU also asserts that sufficient grounds exist for termination of the automatic stay under 11 U.S.C. § 362(d)(2) as the Debtor has no equity in the real property nor is the real property necessary for a reorganization.   Although the Debtor assigns optimistic values to the real property owned by the Debtor in the schedules filed in the case, ECCU challenges these values assigned by the Debtor in the schedules, and asserts that, upon hearing on the motion, the actual value of the Subject property securing ECCU's claim will demonstrate that no equity exists in the Subject Property securing ECCU's claim.

1.     Additionally, under 11 U.S.C. § 362(d)(2)(B), the Debtor must show "that the property is essential for an effective reorganization that is in prospect." *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 376 (1988).   In applying section 362(d)(2)(B), courts have held that property is not necessary for an effective reorganization and stay relief is required "if no reorganization of the debtor is feasible." *In re* Swedeland Dev. Group, Inc., 16 F.3d 552, 567 (3rd Cir. 1994)(citing *In re* Dublin Properties, 12 B.R. 77, 80 (Bankr. E.D. Pa. 1981)(stating that "[I]f no reorganization of the debtor is feasible, then no property of the debtor can be necessary for that end.").   ECCU asserts that reorganization is not feasible based on the facts and circumstances involving the Debtor .   Additionally, the Subject Property is not necessary for an effective reorganization rendering stay relief appropriate.

2.    Accordingly, ECCU is entitled to relief from the automatic stay under 11 U.S.C. §362(d), or, in the alternative, adequate protection of its interest in the Subject Property of the Debtor subject to its perfected lien and Deed(s) of Trust.

**WHEREFORE, ABOVE PREMISES CONSIDERED**, ECCU respectfully requests as follows:

1.    The automatic stay as provided by 11 U.S.C. § 362(a) be terminated as to ECCU and the Debtor allowing ECCU to exercise its rights in the above described assets subject to its lien and security interest;

2.    The bankruptcy estate's interest in the property of the estate and proceeds thereof securing the indebtedness owed to ECCU be abandoned as burdensome or of inconsequential value to the estate pursuant to 11 U.S.C. §554;

3.    The relief requested become effective immediately upon entry of Order Terminating Automatic Stay with the Court and the provisions of Fed. R. Bankr. P. 4001(3) be waived;

4.    Alternatively, ECCU requests that the Debtors provide adequate protection of its interest in the real property securing the indebtedness owed; and

5.    For such other and further relief to which ECCU is entitled as this Court may deem just and proper.

Dated this 12th day of April, 2010.

Respectfully Submitted,

BAKER DONELSON BEARMAN CALDWELL
& BERKOWITZ, P.C.

/s/ *R. Spencer Clift, III*

_____
R. Spencer Clift, III (TNB#20445)
First Tennessee Building
Suite 2000
165 Madison Avenue
Memphis, TN 38103
TELEPHONE: 901.577.2216
FAX: 901.577.0873
EMAIL: sclift@bakerdonelson.com

**Attorney for Evangelical Christian Credit Union**

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of April, 2010, a copy of the foregoing electronically filed motion was served on the parties listed below by first-class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party:

| | |
|---|---|
| Solid Rock Christian Center, Inc.<br>6720 East Raines Road<br>Memphis, TN 38115 | John E. Dunlap<br>1684 Poplar Avenue<br>Memphis, TN 38104 |
| U.S. Trustee<br>Office of the U.S. Trustee<br>One Memphis Place<br>200 Jefferson Avenue, Suite 400<br>Memphis, TN 38103 | |

/ s/ R. Spencer Clift, III