**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

IN RE:

SOLID ROCK CHRISTIAN CENTER, INC.    Case No. 10-20948-GWE
                                     Chapter 11

    Debtor.

**MOTION FOR THE APPOINTMENT OF AN EXAMINER**

Evangelical Christian Credit Union, (hereinafter "ECCU"), by and through counsel, pursuant to 11 U.S.C. § 1104 and FED. R. BANKR. P. 2007.1 and 9014, and moves this Court to appoint an examiner for the Solid Rock Christian Center, Inc. (the "Debtor"). In support of this Motion, ECCU states as follows:

**JURISDICTION**

1.    This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157 and 1334. The instant matter is a core proceeding pursuant to 28 U.S.C § 157(b)(2)(G). Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

**BACKGROUND FACTS**

2.    On or about January 28, 2010, (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. The authority and proper authorization of the filing of the instant case is in question as the voluntary petition was

1

signed by William E. Anderson, Jr., the pastor of the Debtor. Currently, Pastor Anderson no longer is employed by the Debtor.

3. As of the date of the filing of this Motion, the Debtor is in possession of the property, and pursuant to 11 U.S.C. §§ 1107 and 1108, Debtor remains in control of the operation of his business as no Trustee has been appointed in this case.

4. ECCU is a creditor in this case as more particularly described in the Motion for Relief from Stay and Abandonment of Property of the Estate filed on April 12, 2010. Dkt. Entry # 25. Summarily, ECCU is the largest secured creditor with a lien on the Debtor's assets which includes the Debtor's real property located at 4100 & 4200 Ross Road, Memphis, Shelby County, Tennessee (the "Subject Property").

5. As of the Petition Date, ECCU is owed an aggregate amount of $3,013,411.52 consisting of a principal balance in the amount of $2,888,627.39, accrued interest in the amount of $116,443.45, and expenses, fees, costs, and other amounts due and owing under the Note.

6. The Debtor has failed to make consistent payments to ECCU since August 12, 2009, and the Debtor has failed to file a plan of reorganization. Currently, the Debtor's management and leadership are in complete disarray raising serious concerns as to the financial stability of the Debtor and the ability of the Debtor to reorganize.

7. During the past months of the administration of the instant case, the Debtor has been incapable of providing accurate budgets or reports of its revenues, cash, assets, and profitability. Transfers of funds and property of the estate (subject to ECCU's lien) have been made to insiders and other individuals. Although the Debtor has had sufficient time to provide accurate financial information requested, the Debtor has failed to do so. In fact, the

2

latest budget prepared by the Debtor that was provided to ECCU is signed by the president of the board of directors of the Debtor who is currently an individual in a pending Chapter 11 case in this district. The Debtor's management (whoever that may be) cannot be trusted to perform the numerous fiduciary duties for the benefit of the estate.

### RELIEF REQUESTED

8. ECCU, as a party in interest, requests that this Court appoint an examiner under 11 U.S.C. § 1104(a). Specifically, ECCU requests that the Court grant the instant motion and order the appointment of an examiner, the United States Trustee appoint a qualified examiner approved immediately upon hearing of the instant motion, and the Court appoint an examiner immediately upon entry of the order granting the instant motion.

9. The Debtor is currently incapable of performing its duties as a Chapter 11 debtor in possession. Serious concerns as to fraud and mismanagement exist.

10. In cases of fraud or mismanagement, 11 U.S.C. § 1104(a) provides for the appointment of a trustee as follows:

> At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee –
>
> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the Debtor by current management, either before or after the commencement of the case, or similar cause.... or
>
> (2) if such appointment is in the interests of Creditors... .

11. However, appointment of an examiner in a Chapter 11 case as an alternative to appointment of a trustee is authorized by statute in the appropriate case under 11 U.S.C. § 1104(c), which provides in pertinent part:

> If the court does not order the appointment of a trustee under this section, then at any time before the confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, *the court shall order the appointment of an examiner to conduct such an investigation of the Debtor as is appropriate,* including an investigation

3

of any allegations of fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the Debtor of or by current or former management of the Debtor, if-

(1) such appointment is in the interests of Creditors, any equity security holders, and other interests of the estate; *or*

(2) the Debtor's fixed, liquidated, unsecured debts, other than debts for goods, services, or taxes, or owing to an insider, exceed $ 5,000,000.

11 U.S.C. § 1104(c) (emphasis added).

12. Accordingly, the appointment of an examiner to conduct an investigation is within the court's discretion if the Debtor's debts are less than $5,000,000.00, but mandatory where the debts exceed $5,000,000.00. *See* Ahern and MacLean, BANKRUPTCY PROCEDURE MANUAL §§ 2007.1 to 2007.1:03 (2008).

13. As with a trustee, the court may utilize its powers under 11 U.S.C. § 105(a) and, on its own motion, order the appointment of an examiner. *See In re Bibo, Inc.*, 76 F.3d 256, (9th Cir. 1996); *First American Health Care of Georgia, Inc. v. U.S. Department of Health and Human Services*, 208 B.R. 992 (Bankr. S.D. Ga. 1996); *In re Public Service Co. of New Hampshire*, 99 B.R. 177, 182 (Bankr. D. N.H. 1989) (court has *sua sponte* power to appoint an examiner).

14. The facts and circumstances substantiate the appointment of an examiner. The Debtor is a non-profit corporation religious entity which prohibits a conversion of the case to Chapter 7 absent consent of the Debtor under 11 U.S.C. § 1112(c). The Debtor is incapable of handlings its own finances, prepare an accurate budget, and lacks qualified officers or organizational structure to manage its affairs.

15. Sufficient cause warrants the appointment of an examiner with expanded powers in lieu of a trustee. ECCU requests that the examiner's duties include monitoring

cash and commenting upon the Debtor's reorganization prospects. For the examiner to focus upon first maximizing the Debtor's business and then determining the best plan to pay the creditors is a focused and efficacious approach, is utterly within the contemplation of the Bankruptcy Code, to achieve a expeditious reorganization. As examiner he or she would have access to the revenues and cash generated by the Debtor, and could manage the appropriate expenses to pay from those revenues.

16. The benefit to the Debtor's estate of the appointment of an examiner outweighs the cost and expenses created by the examiner's appointment, particularly given the pronounced red flags raised by the inability of the Debtor to provide accurate reporting and management of its finances. *In re Gilman Services, Inc.,* 46 B.R. 322 (Bankr. Mass. 1985) (appointment of examiner appropriate where areas of concern deserved investigation, *e.g.,* debtors' post-petition losses, inadequate recordkeeping, and reporting, and possible fraudulent conveyances the need for further investigation outweighed attendant costs of an examiner).

17. ECCU requests that the Court order the appointment of an Examiner empowered with the rights and powers under 11 U.S.C. § 1106(c), as well as other duties subject to the approval and discretion of the Court.

18. Specifically, ECCU requests that once the examiner is appointed that the examiner (1) investigate the acts, conduct, assets, liabilities, and financial condition of the Debtor, the operation of the Debtor's business and the desirability of the continuance of its business, and any other matter relevant to the case or to the formulation of a plan including retaining a qualified accountant; (2) file a statement of any investigation as to any facts ascertained pertaining to fraud, dishonesty, incompetence, misconduct, mismanagement, or

irregularity in the management of the affairs of the Debtor, or to a cause of action available to the estate; and (3) transmit a copy or a summary of any such statement to any entity the Court designates; and (4) as soon as practicable, file a plan under section 1121 of this title, file a report of why the Debtor will not file a plan or recommend dismissal of the case.

19. An examiner is the most efficient approach to answer the outstanding issues raised by the Debtor's inability to manage its affairs. With the appointment of an examiner, the Debtor's business and its cash can be independently evaluated and maximize the chances that a viable Chapter 11 plan of reorganization can be filed and confirmed.

20. Summarily, based on Debtor's past and present actions and organizational shortcomings, ECCU requests the appointment of an examiner (1) to monitor, evaluate, and control the disbursement of estate funds, (2) oversee the cash receipts and disbursements review the feasibility of and ability of the Debtor to fund a plan of reorganization; and (3) prepare a report on his or her findings.

**RESERVATION OF RIGHTS**

21. ECCU reserves all rights including the right to seek the appointment of a Chapter 11 Trustee as well as all rights and remedies to protect its interests in the instant case as the largest secured creditor of the Debtor.

**WHEREFORE, ABOVE PREMISES CONSIDERED**, ECCU respectfully requests as follows:

1. The Court grant the instant motion and order the appointment of an examiner;

2. The United States Trustee appoint a qualified examiner approved immediately upon hearing of the instant motion;

3. The Court appoint an examiner immediately upon entry of the order granting the instant motion; and

4. For such other and further relief to which ECCU is entitled as this Court may deem just and proper.

Dated this 9th$^{th}$ day of August, 2010.

Respectfully Submitted,

BAKER DONELSON BEARMAN CALDWELL
& BERKOWITZ, P.C.

/s/ *R. Spencer Clift, III*

_____
R. Spencer Clift, III (TNB#20445)
First Tennessee Building
Suite 2000
165 Madison Avenue
Memphis, TN 38103
TELEPHONE: 901.577.2216
FAX: 901.577.0873
EMAIL: sclift@bakerdonelson.com

***Attorney for Evangelical Christian Credit Union***

## CERTIFICATE OF SERVICE

    I hereby certify that on the 9th day of August, 2010, a copy of the foregoing electronically filed motion was served on the parties listed below by first-class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party:

| | |
|---|---|
| Solid Rock Christian Center, Inc.<br>6720 East Raines Road<br>Memphis, TN 38115 | John E. Dunlap<br>1684 Poplar Avenue<br>Memphis, TN 38104 |
| U.S. Trustee<br>Office of the U.S. Trustee<br>One Memphis Place<br>200 Jefferson Avenue, Suite 400<br>Memphis, TN 38103 | |

                          / s/ R. Spencer Clift, III

M RSC 2119961 v1
2911260-000002 08/08/2010